PER CURIAM.
James Little appeals the denial of his motion for postconviction relief attacking three ■convictions for armed robbery. He does not contest the negotiated sentence which consisted of fifty years on each conviction to run concurrently, the last ten of which are to be suspended and served on probation. He does, however, take issue with the fact that all three offenses are reflected as first degree felonies in the judgment, since he claims he pleaded guilty to simple robbery rather than armed robbery.
In support of his position, appellant points to the plea form he executed, which identifies the offense as “robbery,” with a word before it crossed out and now illegible. Additionally, after sentence was imposed, in response to an invitation from the court for questions, he asked if the charge he was pleading to was robbery. To this the court answered, “That’s correct.” However, we note that these factors are contradicted by a discussion during the sentencing which clearly indicates that the court and the prosecutor envisioned the plea to have been to first degree felonies.
The transcript of the plea colloquy which we do not have will satisfactorily resolve these discrepancies. Accordingly, we remand for an evidentiary hearing, or, if the motion is again denied without hearing, to attach to such order the transcript of the plea colloquy refuting appellant’s allegations.
The appellant has the right to appeal any order entered by the trial judge by filing a notice of appeal within 30 days.
Reversed and remanded.
THREADGILL, C.J., and RYDER and ALTENBERND, JJ., concur.